# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-487V
**Filed: June 15, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| AMANDA FOSTER, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
Justine E. Walters, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 28, 2010, Amanda Foster ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving Hepatitis B vaccinations on August 3, 2007 and September 10, 2007, she suffered an encephalopathy, dystonia, and other related symptoms. On March 18, 2016, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On March 21, 2016, the undersigned issued a decision adopting the parties' stipulation for an award.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

<u>See</u> Decision on J. Stip., filed Mar. 21, 2016.

On May 17, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $91,951.85 based on a total of 273.05 hours of work, at various rates according to acquired experience. <u>See</u> Petitioner's Exhibit ("Pet. Ex.") 47 at 2, filed May 17, 2016. Petitioner also requested attorneys' costs in the amount of $27,321.04. <u>Id.</u> Pursuant to General Order #9, petitioner represented that she did not incur any out-of-pocket expenses related to this litigation. <u>See</u> Pet. Ex. 47 Tab 21.

Petitioner's counsel filed a declaration along with the motion for attorneys' fees and costs, in which he averred that he is "the only attorney or person who performed work in this matter." Pet. Ex. 47 Tab 1 at 2. Counsel stated that although it was he who performed the work, 56.2 hours of the total number of hours billed is best categorized as paralegal work because it involved "time-consuming organization of documents and related tasks." <u>Id.</u> This "paralegal" work was billed at $125.00 an hour. <u>Id.</u> Counsel also stated that the following hourly rates were billed for attorney work: $335.00 in 2008, $345.00 in 2009, $355.00 in 2010, $365.00 in 2011, $375.00 in 2012, $385.00 in 2013, $396.00 in 2014, $413.00 in 2015, and $425.00 in 2016. <u>Id.</u> at 3. Petitioner's counsel has practiced law for over 36 years, after admittance to the New York State bar in 1980. <u>Id.</u> at 4. At the time counsel began work on this case in 2008, he had been practicing law for approximately 28 years, and performed the bulk of the work for this case in New York, New York. <u>Id.</u> at 6-7.

In support of the number of hours billed, counsel averred that the "time worked and costs incurred were reasonable and necessary to provide representation to the petitioner in this matter," as the case involved work over an 8 year period and required extensive review and analysis of voluminous medical records, regular consultation with petitioner, consultation with an expert neurologist who filed two expert reports, consultation with a second expert who filed an expert report, and related tasks. <u>Id.</u> at 4. Counsel further stated that he engaged in extensive settlement negotiations leading to a stipulation for an award to petitioner. <u>Id.</u> A hearing was scheduled for May 2016 before settlement negotiations successfully resolved this matter in March 2016. <u>Id.</u>

On June 1, 2016, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent stated that she "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Motion ("Response") at 2, filed June 1, 2016. Respondent recognized that it was within a special master's discretion to determine a reasonable fee award. <u>Id.</u> at 2-3. However, according to respondent, "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims," she believed "a reasonable amount of fees and costs in the present case would fall between $50,000.00 and $64,000.00." <u>Id.</u> at 3 (citing <u>Sexton v. Sec'y of HHS</u>, No. 99-453v, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015), which awarded $60,119.78 for attorneys' fees and costs in a case that was pending for over 15 years involving two experts for petitioner that settled approximately two weeks prior to hearing; and, <u>Macomber v. Sec'y of HHS</u>, No. 13-980V, 2016 WL 3022122 (Fed. Cl. Spec. Mstr. May 4, 2016), which awarded $63,871.62 for attorneys' fees and costs in a case involving two experts for petitioner that settled without a hearing). Respondent requested that the undersigned exercise his discretion and determine a reasonable award for attorneys' fees and costs within her suggested range. <u>Id.</u> at 3.

2

On June 2, 2016, petitioner filed a reply to respondent's response, arguing that the range respondent asserts as a reasonable award "constitutes a significant and unjustified reduction of the attorneys' fees and costs claimed by petitioner, which are supported by a detailed invoice and substantial supporting evidence." Reply at 1, filed June 2, 2016. Petitioner stated that "while she agrees in substance with respondent's position that 'the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs,' petitioner disputes that the range for attorneys' fees and costs proffered by respondent is reasonable," as respondent has not meaningfully explained how the range she suggested in applicable to the present case. Id. at 2.

Petitioner filed a supplemental request for attorneys' fees and costs for the time her counsel spent replying to respondent. Petitioner requested $425.00 for compensation of 1 hour of time. See Supplemental Motion for Attorneys' Fees at 1, filed June 2, 2016.

I.   **Legal Standard**

Section 15(e) of the Vaccine Act provides that a "Special Master or Court shall also award as . . . compensation an amount to cover reasonable attorneys' fees, and other costs, incurred in any proceeding on [a] petition." §15(e)(1). As acknowledged by both counsel, the determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. See Avera v. Sec'y of HHS, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a Court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Special masters are permitted to reduce the claimed number of hours to a reasonable number by means of a bulk reduction and are not required to assess fee petitions line-by-line. Wasson v. Sec'y of HHS, 24 Cl. Ct. 482, 484 (1991). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2 - *3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The requirement that attorneys' fees be reasonable also applies to costs. See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994) ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

II.   **Discussion**

The undersigned has reviewed the billing records and documentation of costs. Counsel's requested hourly rates are reasonable, as he had approximately 28 years of experience when he began representing petitioner in this matter. According to the affidavits and literature submitted by petitioner's counsel, the hourly rates of a similarly situated attorney in his jurisdiction of New

3

York, New York are comparable to the forum rates of a similar attorney in Washington D.C. See Pet. Ex. 47 Tabs 1, 3-19. Based on this evidence, I find that petitioner's counsel is entitled to forum rates. In the McCulloch decision on attorneys' fees and costs, I found a range of $350.00 to $425.00 a reasonable forum rate for an attorney with over 20 years of experience, taking into account, among other things, the quality of representation of petitioners in the Program. See McCulloch v. Sec'y of HHS, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Counsel's requested hourly rates of $335.00 to $425.00 over the course of this case falls within the range of hourly rates I found to be reasonable. Additionally, counsel's hourly rate for paralegal work is consistent with the rate set in McCulloch and the rate awarded by Chief Special Master Dorsey to petitioner's counsel in Laderer v. Sec'y of HHS, No. 09-097v, (Fed. Cl. Spec. Mstr. Apr. 20, 2016).

Regarding a reasonable number of hours expended, the undersigned will make the following reductions. First, there are several entries for a telephone call with petitioner on July 18, 2010 regarding a "Vanderbilt appointment." See Pet. Ex. 47 Tab 2 at 7-8. Some entries bill 0.2 hours, 0.1 hours, and 0.3 hours; but, there are three entries billed at 2 hours each for this same task. Id. The undersigned finds these entries vague and duplicative, accordingly counsel's bill will be reduced by 6 hours at a rate of $355.00, or in total $2,130.00. Second, there are three entries on February 2, 2011 for reviewing an email from respondent's counsel regarding missing medical records, totaling 2.3 hours at a rate of $365.00. Id. at 14-15. The amount of time spent on this task appears excessive, thus counsel's bill will be reduced by 2 hours or $730.00. Lastly, there are two entries in 2014 for reviewing the file and calling petitioner, billed at a rate of $495.00 an hour for 0.3 hours of work combined. See Pet. Ex. 47 Tab 2 at 46. These entries will be adjusted to reflect a 2014 rate of $396.00, thus reducing the amount of attorneys' fees by $30.00. Petitioner's supplemental request for attorneys' fees in the amount of $425.00 for filing a reply is granted. Thus petitioner is awarded a total amount for attorneys' fees in the amount of $89,486.85.

The undersigned finds petitioner's costs of $27,321.04, of which $26,050.00 was spent on obtaining three expert reports and expert review of respondent's responsive expert reports, a reasonable expenditure. The hourly rates of $500.00 for petitioner's experts, Dr. James Oleske and Dr. Nizar Souayah, were found to be reasonable in Sexton, and I agree with the Chief Special Masters' analysis. See Sexton, 2015 WL 7717209, at *5. The remaining attorneys' costs were incurred for photocopies, acquiring medical records, and expenses related to sending documents. All of these costs are reasonable.

With regard to respondent's suggested range of fees and costs, the undersigned believes that the number of hours expended by counsel in preparing a given case is largely due to the individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended. In this case, the proceedings on the entitlement portion ensued for nearly 8 years, and the case reached a tentative settlement just 7 months before the scheduled entitlement hearing. The parties were in the litigation posture for most of the proceedings, having had a failed settlement negotiation in the midst of these proceedings. The undersigned finds that the adjusted number of hours spent on this case, approximately 265 hours, at the various rates billed, to be a reasonable expenditure of time over 8 years of litigation.

Accordingly, the undersigned **GRANTS** the request for approval and payment of

attorneys' fees and costs in the amount of $116,807.89, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)** **in the form of a check jointly payable to petitioner and to petitioner's attorney, Robert J. Krakow, of the Law Office of Robert J. Krakow, P.C., in the amount of $116,807.89.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.